## Overseers of St. Clair *against* Overseers of Moon.

Aldermen of the city of Pittsburgh have jurisdiction to hear and determine the rights and liabilities of the townships of Allegheny county respecting the support of paupers.

If an appeal from the order of two aldermen removing a pauper from one township to another, be quashed by the Court of Quarter Sessions for want of jurisdiction of the aldermen, it is error in the court to make any decree between the parties as to the payment of costs.

CERTIORARI to the Court of Quarter Sessions of *Allegheny* county.

The Overseers of the Poor of St. Clair township against the Overseers of the Poor of Moon township. The plaintiffs applied to two aldermen of the city of Pittsburg for an order to remove a pauper from their township to the township of Moon. The aldermen upon hearing the testimony granted the order of removal; and from this order the defendants appealed to the Quarter Sessions,

where the appeal was quashed on the ground that the aldermen had no jurisdiction of the subject: and the court, upon a further hearing of the subject, awarded an attachment against the plaintiff for the costs, expenses, &c., amounting to $164.76.

*Mahon* for the plaintiff in error.
*M'Candless* for the defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—In this case, the order for removing the pauper from St. Clair township to Moon township, (neither of said townships being within the city of Pittsburgh), was made by two aldermen of the city; and the Court of Quarter Sessions, conceiving that the aldermen had no authority to grant the order, quashed it and the proceedings relative thereto. In this it is alleged that the court erred. The court seem to have taken up the idea that the only authority to be found on the subject, which empowered aldermen or justices of the peace to make such order of removal, was contained in the 22d section of the Act of 1771, entitled "An Act for the relief of the poor," (1 *Smith's Laws* 340-1); and that, agreeably to the provisions of this section, the authority to remove in such a case as the present, is given to two justices of the peace of the county exclusively. Had this case arisen between two townships within the county of Philadelphia and without the city of Philadelphia, the conclusion of the court might have been correct enough, for that section of the Act has reference only to aldermen or magistrates of the city of Philadelphia. It was the only city within the province at the time, and indeed is the only one mentioned in the Act, and as it does not by its terms contemplate the erection of any other city within its borders, it would seem to be difficult to derive any authority thence to aldermen of a city created subsequently, even to grant such an order between townships, wards or districts lying within the same. But all difficulty in this respect is removed by the 18th section of the Act of the 16th of March 1816, (*Pamph. Laws* 168), incorporating the city of Pittsburgh, which declares "That the mayor and *aldermen* of the said city (Pittsburg) for the time being, shall have the same jurisdiction, in *all civil cases*, as justices of the peace of the county have, and shall proceed in like manner, for the like fees and costs, and with the like powers and authorities, and subject to the like rules, regulations and restrictions." Seeing, then, that the present case is one of a *civil* nature, and that the provision of the Act just recited has expressly extended the jurisdiction of aldermen of the city of Pittsburg to *all* such cases, to be exercised and proceeded in by them in the same manner as if they were justices of the peace of the county, it follows, as an inevitable conclusion, that the aldermen had jurisdiction of this case, and that the Court of Quarter Sessions erred in deciding that they had not.

The Court of Quarter Sessions, further, after quashing the order and proceedings of the aldermen, proceeded to make orders directing the overseers of St. Clair township to pay costs to the overseers of Moon township, and to grant attachments against the former for the purpose of enforcing the payment thereof. These orders and attachments are all complained of as being erroneous. Several exceptions have been taken to them. First, that the costs allowed were taxed without any notice to the complainants; second, that, under the title of costs, a charge of $106.75 is included and allowed for boarding the pauper sixty-one weeks, at $1.75 per week; third, that the attachments were granted by the court without any previous demand being made on the overseers of the township of St. Clair, as taxed and allowed by the court. Any of these exceptions, if true, is fatal; and that the two last are true is clear.

But I am inclined to think, without intending to express an opinion by which I shall consider myself bound hereafter, that these other exceptions to these orders and attachments granted by the court, had the aldermen been without jurisdiction in the case, as the court thought, would render them at least erroneous, if not void. The case was brought before the court by an *appeal* taken by the overseers of the poor of Moon township from the order of removal made by the aldermen. But the right of appeal appears to be given, in such cases, only where the aldermen or justices have jurisdiction, but may have pronounced an erroneous judgment. If they take cognizance where they have no jurisdiction, and render a judgment affecting the rights of a party, his remedy for redress is not by *appeal* to a superior tribunal, but by writ of *certiorari*, or by action, if his person or property has been taken under the judgment, which would be regarded as void, and therefore, though unreversed, would not be considered as any bar to his action. If, then, it had been so, that the aldermen were not authorised to proceed in this case for want of jurisdiction, the natural result would have been, that no appeal lay from their judgment to the Court of Quarter Sessions, and that this court therefore could not take cognizance of the case by appeal, as it did. The only thing that the court could have done, would have been to have dismissed the case for want of jurisdiction, without more; for I doubt the authority of the court, in a case where it has no jurisdiction, to make an order giving costs to either party.

Again, not being able to comprehend, I suppose, how anything could be obtained by issuing the attachments against the overseers of the poor of St. Clair township as a corporation, the attachments were issued against them individually. This, as appears to me, was irregular, and altogether unwarrantable. By the 16th section of the Act of 1771, the overseers of the several townships, &c. are respectively created corporations, and rendered capable of suing or being sued as such; and are not therefore to be rendered

[Overseers of St. Clair v. Overseers of Moon.]

personally responsible, when they sue in their corporate capacity, as they would seem to have done here, unless expressly made so responsible by some provision in the same or some other Act. By the 24th section of the Act, they may be imprisoned on account of costs and charges ordered to be paid by the court, provided no sufficient distress of their goods can be had to make the amount; but in no case are their persons made liable to be seized in the first instance, when there are sufficient goods to be found, out of which the amount ordered to be paid may be levied.

The order of the court below, quashing the proceedings of the aldermen, as also the orders of the court for the payment of costs and awarding attachments for not paying the same, are reversed; and the appeal of the overseers of the poor of Moon township, to said court, directed to be re-instated, and the court to proceed therein to hear and determine the case according to its merits.